

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA HARPER, et al., | NO. CV 13-0998 FMO (AGRx) |
| Plaintiffs, | |
| v. | **ORDER** |
| AMERICAN OPTICAL CORPORATION, et al., | |
| Defendants. | |

Having reviewed the briefing filed with respect to defendant Dow Corning Corporation's ("Dow") Motion to Dismiss Plaintiffs' First Amended Complaint and defendant Union Carbide Corporation's ("UCC") Motion to Dismiss Plaintiffs' First Amended Complaint (collectively, the "Motions"), the court concludes as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See, e.g., St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1374 (9th Cir. 1981); Nolen v. Fitzharris, 450 F.2d 958, 958 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure

provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Given the policy favoring amendment of complaints, the court will grant the Motions and dismiss plaintiffs' First Amended Complaint with leave to amend. In preparing the Second Amended Complaint, plaintiffs shall carefully evaluate the contentions set forth in the Motions.[1] In addition, plaintiffs should be aware that the court had difficulty determining the elements of plaintiffs' "False Representation under Restatement of Torts Section 402-B" and "Intentional Tort/Intentional Failure to Warn" claims. Plaintiffs should ensure that these are proper causes of action before including them in the Second Amended Complaint, and should be prepared to provide citations to cases interpreting those causes of action. Moreover, it appears that § 402B of the Restatement (Second) of Torts may have been superseded by § 9 of the Restatement (Third) of Torts: Products Liability. Finally, to the extent these claims are based on allegations of fraud, the Second Amended Complaint must satisfy Federal Rule of Civil Procedure 9's particularity requirement. See Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Based on the foregoing, IT IS ORDERED THAT:

1. UCC's Motion to Dismiss **(Document No. 34)** and Dow's Motion to Dismiss **(Document No. 35)** are **granted**.

2. The First Amended Complaint is **dismissed with leave to amend**.

3. If plaintiffs still wishes to pursue this action, they are granted until **July 8, 2013**, to file a Second Amended Complaint attempting to cure, to the extent they believe is warranted by existing law, the alleged defects outlined in the Motions.

[1] The court expects that defendants will agree to any amendment(s) that will cure the alleged defect(s).

4. The Second Amended Complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. 13-0998 FMO (AGRx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

5. Plaintiffs are cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file their answers to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **July 22, 2013**.

7. In the event defendants wish to file another motion or motions to dismiss, then counsel for the parties shall, on **July 15, 2013, at 10:00 a.m.**[2] meet and confer in person to discuss the motion(s) to dismiss. The motion(s) must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion(s) being denied.

Dated this 24th day of June, 2013.

/s/
Fernando M. Olguin
United States District Judge

---

[2] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.